IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ERIE DIVISION

| | |
|---|---|
| JOSEPH DOEBLEY, | ) 1:23-CV-0040-RAL |
| | ) |
| | ) |
| Petitioner | ) RICHARD A. LANZILLO |
| | ) Chief United States Magistrate Judge |
| v. | ) |
| | ) |
| UNITED STATES OF AMERICA, et al., | ) MEMORANDUM OPINION ON |
| | ) PETITION FOR WRIT OF HABEAS |
| | ) CORPUS |
| Respondents | ) |
| | ) ECF No. 6 |
| | ) |

I.    Introduction

Presently pending is a petition for writ of habeas corpus filed by pro se Petitioner Joseph Doebley (Petitioner) pursuant to 28 U.S.C. § 2241. ECF No. 6. Petitioner contends that the Bureau of Prisons (BOP), the agency responsible for implementing and applying federal law concerning the computation of federal sentences, erred in computing his sentence. For the following reasons, Petitioner's § 2241 petition will be denied.[1]

II.    Background

On June 14, 2016, while on parole from a prior state sentence, Petitioner was taken into custody by the Philadelphia Police Department and charged with a host of state crimes. ECF No. 15-1 ¶ 6. Two days later, the State of Pennsylvania lodged a detainer against him for a parole violation. *Id.* ¶ 7. Although Petitioner posted bond on the new state charges, he remained in

---

[1] The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge to conduct all proceedings in this case, including the entry of final judgment, as authorized by 28 U.S.C. § 636.

custody on the state parole detainer. *Id.* Petitioner's parole warrant was lifted on September 20, 2006, and his bond was revoked on September 28, 2006. *Id.* ¶ 8.

On June 19, 2007, while still in state custody, the United States District Court for the Eastern District of Pennsylvania (the sentencing court) temporarily removed Petitioner to federal custody pursuant to a federal writ of habeas corpus *ad prosequendum* in Case No. 2:06-cr-00203. *Id.* ¶ 9. Following a guilty plea, the sentencing court sentenced Petitioner to a 226-month term of imprisonment for violations of 21 U.S.C.§§ 846, 841(a)(1), 841(b)(1)(C), and 18 U.S.C. § 2. *Id.* ¶ 10. In doing so, the sentencing court ordered the BOP to award Petitioner credit for time served from June 19, 2017, to January 20, 2011, but did not mention any state crimes or order Petitioner's state and federal sentences to run concurrently. ECF No. 15-7.

On February 10, 2011, the Court of Common Pleas of Philadelphia County sentenced Petitioner to a ten-year term of incarceration for the state probation violation. ECF No. 15-1 ¶ 11. On February 22, 2011, the United States Marshal Service returned Petitioner to Pennsylvania state authorities to complete the term of his state parole violation. *Id.* The Pennsylvania Department of Corrections (DOC) credited Petitioner with custodial time towards his parole violation from June 15, 2006, through September 20, 2006, and February 22, 2011 (the date he was returned to the DOC) through November 19, 2012 (the date he was re-paroled). *Id.*

The DOC granted Petitioner parole on November 19, 2012, releasing him into exclusive federal custody. *Id.* ¶ 12. At that time, the BOP prepared Petitioner's sentence computation based on a 226-month term of imprisonment commencing on November 19, 2012, the date he was released from his Pennsylvania parole revocation term. *Id.* ¶ 13. The BOP awarded Petitioner 1,617 days of prior custody credit for, *inter alia*, the time that he spent in federal custody while on loan from the state pursuant to a writ of habeas corpus *ad prosequendum* between September 21,

2

2006, and February 21, 2011. The BOP did not award prior custody credit for the time between June 15, 2006, and September 20, 2006, and February 22, 2011, through November 19, 2012, because Petitioner received credit in state court towards his parole violation for those periods. *Id.* Based on those computations, Petitioner is scheduled for release from BOP custody on January 23, 2026. *Id.* ¶ 13.

The instant petition for writ of habeas corpus,[2] filed pursuant to 28 U.S.C. § 2241, challenges the BOP's calculation of his federal release date. Petitioner contends that the BOP failed to award him prior credit for the entire time he spent serving his state parole violation between June 6, 2006, when he was arrested, and November 19, 2012, when he was re-paroled. *See* ECF No. 4. This matter is fully briefed and ripe for adjudication.

III.    Analysis

For federal prisoners, 28 U.S.C. § 2241 confers habeas jurisdiction over an inmate's challenge to the execution – as opposed to the validity – of his sentence. *Cardona v. Bledsoe*, 681 F.3d 533,535 (3d Cir. 2012). Two types of claims may ordinarily be litigated in a § 2241 proceeding. First, a prisoner may challenge conduct undertaken by the BOP that affects the duration of his custody. For example, a prisoner can challenge the BOP's computation of his federal sentence, *see, e.g.*, *Barden v. Keohane*, 921 F.2d 476, 478-79 (3d Cir. 1990), or the constitutionality of a BOP disciplinary action that resulted in the loss of good conduct sentencing credits, *Queen v. Miner*, 530 F.3d 253, 254 n.2 (3d Cir. 2008). Secondly, a prisoner can challenge BOP conduct that "conflict[s] with express statements in the applicable sentencing judgment." *Cardona*, 681 F.3d at 536; *Woodall*, 432 F.3d at 243. Because the allegations in the instant habeas

---

[2] Under § 2241, district courts have authority to grant habeas corpus "within their respective jurisdictions." Petitioner is confined at FCI McKean, which is located within the territorial boundaries of the Western District of Pennsylvania.

action challenge the BOP's computation of Petitioner's federal sentence, this Court has jurisdiction under § 2241 to consider Petitioner's claim.

To determine whether the BOP correctly computed an inmate's federal sentence, a reviewing court must separately determine: (1) the date on which Petitioner's federal sentence commenced, and (2) whether Petitioner was entitled to credit for time spent in custody prior to the commencement of his sentence. Each of these determinations is governed by 18 U.S.C. § 3585.

With respect to the commencement date, 18 U.S.C. § 3585(a) provides that a federal sentence "commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served." When an inmate is only facing service of a federal sentence, the application of § 3585(a) is straightforward: the BOP will simply designate the inmate to a federal detention facility and calculate the federal sentence to have commenced on the date it was imposed. Where a defendant faces prosecution by both state and federal authorities, however, courts apply the "primary custody" doctrine to determine where and how the defendant will serve any resulting sentence of incarceration. *See Taccetta v. Federal Bureau of Prisons*, 606 Fed. Appx. 661, 663 (3d Cir. 2015). Under that doctrine, the sovereign that first arrests an individual has "primary custody" over the defendant and is entitled to have the defendant serve its sentence before that of any other jurisdiction. *See id.* (citing *Bowman v. Wilson*, 672 F.2d 1145, 1153 (3d Cir. 1982)). Primary custody remains vested in that sovereign until the defendant completes that sovereign's sentence or the sovereign relinquishes primary custody by releasing the defendant on bail, dismissing the charges, or granting parole. *See id.* Notably, a temporary transfer of a prisoner on a writ of habeas corpus *ad prosequendum* does not constitute a relinquishment. *See id.*; *see also Holloman v. Warden Fairton FCI*, 635 Fed. Appx. 12, 14 (3d Cir. 2015) (stating that "[t]he

4

production of a defendant pursuant to a writ of habeas corpus *ad prosequendum* does not affect the jurisdiction of the sovereign with primary custody over a defendant").

In the instant case, Petitioner remained in the primary custody of the Commonwealth of Pennsylvania from June 14, 2016, when he was arrested by state authorities, until November 19, 2012, when the state released Petitioner to the exclusive custody of federal authorities. *See* 18 U.S.C. § 3585(a) ("A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served."). Thus, the lone question presented is whether Petitioner received the appropriate amount of credit for the time that he spent in custody prior to the commencement of his sentence.

Pursuant to 18 U.S.C. § 3585(b), a defendant is entitled to receive credit for time served "(1) as a result of the offense for which the sentence was imposed; or (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; that has not been credited against another sentence." *Id.* (emphasis added). The intent of the last clause of § 3585(b) is to prohibit an inmate from receiving double credit for his prior time in detention. *See United States v. Wilson*, 503 U.S. 329, 337 (1992) (explaining that with the enactment of § 3585(b), "Congress made it clear that a defendant could not receive a double credit for his detention time."). Thus, the BOP may not grant prior custody credit under § 3585(b) for time that has been credited against another sentence. *See, e.g., Vega v. United States*, 493 F.3d 310, 314 (3d Cir. 2007).

In the instant case, the BOP awarded Petitioner prior custody credit for the time between September 21, 2006 (the date after the parole warrant was lifted) and February 21, 2011 (the date he transferred to the Pennsylvania DOC to begin his state parole violation term). The BOP did not

award prior custody credit for the time between June 15, 2006, and September 20, 2006, and February 22, 2011, through November 19, 2012, because Petitioner received credit in state court towards his parole violation for those periods of time. *Id.* Because he received credit against his state sentence for that time, the BOP and correctly determined that he was not entitled to a corresponding credit against his federal sentence under § 3585(b). *Vega*, 493 F.3d at 314. His challenge to the BOP's calculation of his sentence must be dismissed.[3]

IV.    Conclusion

For each of the foregoing reasons, Petitioner's petition for a writ of habeas corpus is denied.[4] An appropriate order follows.

Dated this 18th day of February, 2025.

BY THE COURT:

RICHARD A. LANZILLO
Chief United States Magistrate Judge

---

[3] Petitioner also implies that his state and federal sentences should have run concurrently because "the Sentencing record is unclear on whether the Court allowed the state time run concurrently or consecutive to his federal sentence." ECF No. 4 at p. 3. It is axiomatic, however, that a court must affirmatively order a federal sentence to run concurrently with a state sentence before the BOP can treat the two sentences as concurrent. *See* 18 U.S.C. § 3584(a) ("Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently."); *Pickett v. Warden McKean FCI*, 726 Fed. Appx. 104, 106 (3d Cir. 2018) ("Because the sentencing court did not order the federal sentence to run concurrently with [petitioner's] yet to be imposed state sentence, the BOP was required to treat his federal sentence as running consecutively to his state sentence.").

[4] Because "[f]ederal prisoner appeals from the denial of a habeas corpus proceeding are not governed by the certificate of appealability requirement," the Court need not make a certificate of appealability determination in this matter. *Williams v. McKean*, 2019 WL 1118057, at *5 n. 6 (W.D. Pa. Mar. 11, 2019) (citing *United States v. Cepero*, 224 F.3d 256, 264-65 (3d Cir. 2000), abrogated on other grounds by *Gonzalez v. Thaler*, 565 U.S. 134 (2012)); 28 U.S.C. § 2253(c)(1)(B).